UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**NORTHERN DIVISION at COVINGTON**

| | |
|---|---|
| MARYETTA ROBERTSON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 2:10-CV-105-JMH |
| ) | |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL ) | **MEMORANDUM OPINION & ORDER** |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |
| ) | ** ** ** ** ** |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court upon cross-motions for summary judgment on the plaintiff's appeal of the Commissioner's denial of her application for Supplemental Security Income and Disability Insurance Benefits [Record Nos. 13, 16].[1] The Court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiff's motion and grant the defendant's motion.

**I.   OVERVIEW OF THE PROCESS AND THE INSTANT MATTER**

The Administrative Law Judge ("ALJ"), in determining disability, conducts a five-step analysis:

> 1. An individual who is working and engaging in substantial gainful activity is not disabled, regardless of the claimant's medical condition.

---

[1] These are not traditional Rule 56 motions for summary judgment. Rather, it is a procedural device by which the parties bring the administrative record before the Court.

1

2. An individual who is working but does not have a "severe" impairment which significantly limits his physical or mental ability to do basic work activities is not disabled.

3. If an individual is not working and has a severe impariment which "meets the duration requirement and is listed in appendix 1 or is equal to a listed impairment(s)", then he is disabled regardless of other factors.

4. If a decision cannot be reached based on current work activity and medical facts alone, and the claimant has a severe impairment, then the Secretary reviews the claimant's residual functional capacity and the physical and mental demands of the claimant's previous work. If the claimant is able to continue to do this previous work, then he is not disabled.

5. If the claimant cannot do any work he did in the past because of a severe impairment, then the Secretary considers his residual functional capacity, age, education, and past work experience to see if he can do other work. If he cannot, the claimant is disabled.

*Preslar v. Sec'y of Health and Human Services*, 14 F.3d 1107, 1110 (6th Cir. 1994) (citing 20 CFR § 404.1520 (1982)). "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled." *Id*. "If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary." *Id*.

In the instant matter, the Commissioner determined that Plaintiff could not perform any work that she did in the past because of her severe impairments. Plaintiff challenges the Commissioner's conclusion at step two that she did not experience severe impairment due to fibromyalgia and, at step five of the analysis, that she can perform the jobs identified by the

vocational expert. The Court has considered arguments by Plaintiff and the Commissioner, as well as the administrative record, and, for the reasons stated below, affirms the decision of the Commissioner.

**II. STANDARD OF REVIEW**

In reviewing the ALJ's decision to deny disability benefits, the Court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Instead, judicial review of the ALJ's decision is limited to an inquiry into whether the ALJ's findings were supported by substantial evidence, 42 U.S.C. § 405(g), *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001), and whether the ALJ employed the proper legal standards in reaching his conclusion, *see Landsaw v. Sec'y of Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip*, 25 F.3d at 286.

**III. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff was forty-eight-years-old at the time that she allegedly became disabled on January 1, 2005. Plaintiff has a some college education and prior work experience as a manager, a sales representative, a purchaser, a freight claims administrator,

3

and a customer service representative. She claims that she is unable to work because her hands and feet are numb, making it painful to sit or stand, she experiences muscle spasms in her arms and legs, she is extremely tired and fatigued, and she has an extremely sore face to multiple sclerosis.

Plaintiff has testified that she developed problems with her hands in her early twenties and that she is unable to hold a telephone or write. She explains that she has lost the feeling in both hands due to neuropathy. She experiences the most weakness in her right arm and leg, but she reports that the pain and swelling are worse in the left arm and leg. She reports facial swelling, which she claims to be the cause of vomiting. She also claims that she experiences muscle spasms and inflammation. She testified that she can sit for 10 minutes before changing positions, can stand for 10 to 15 minutes, and can walk for 10 minutes. She reports that she lies down 2 times a day. Her diabetes had progressed at the time of the hearing to the point that her physicians felt she would be insulin dependent. She drives only to go to visit the doctor or to the grocery store due to numbness in her hands.

Her history of complaints of pain in the administrative record dates back to the mid 1990s. During that time she was diagnosed as having a tumor in the right side of her face by use of an MRI scan. She was also diagnosed with mild arthritis in both knees, her feet, and her great toes.

Her complaints of pain, numbness, and spasms are also noted in records dating from 2004 through 2007. During that time, Plaintiff's treating physician, Dr. Arlene Shih, saw her primarily for the treatment of diabetes and hypertension. Plaintiff was assessed as also suffering from fibromyalgia and multiple sclerosis, as well as diabetes, depression, and menopause, in addition to a host of other acute issues, over the course of their reported treatment relationship. Additionally, Plaintiff was diagnosed with bursitis of the right hip following complaints of right hip and pelvic pressure in 2006, and an x-ray revealed degenerative changes in both hips, although degenerative spurring was noted predominantly on the right side. Again in 2007, Dr. Shih assessed Plaintiff as suffering from multiple sclerosis and diabetes, as well as depression. In each instance, she noted Plaintiff's reports of pain and numbness. There are, however, no test results in the record upon which the diagnoses of multiple sclerosis and fibromyalgia are based – rather, it appears, that these conditions were diagnosed by Dr. Shih based upon symptoms reported by Plaintiff.

Plaintiff was referred Dr. Shih for treatment by a neurologist, Dr. J. Todd Perkins, in 2004. He reviewed her records and noted that an EMG performed in the remote past suggested possible myopathy in the left arm, but a muscle biopsy was negative. An MRI also done in the remote past had been

unremarkable. Plaintiff declined further testing, including a proposed repeat MRI and a lumbar puncture. Notes from a visit with Dr. Perkins in December 2007, reveal that he urged Plaintiff to more aggressively monitor her diabetes and that he concluded it was unlikely that she had multiple sclerosis.

Plaintiff first filed her claim for Disability Insurance Benefits on June 20, 2007, and her claim was denied at the initial and reconsideration levels. She filed a request for a hearing. Following that hearing, on June 17, 2009, the ALJ denied her claim for benefits on the grounds that she had the residual functional capacity ("RFC") to perform a restricted range of light work and, while she could not return to her past relevant work, there existed jobs in significant numbers in the national economy that she could perform. Ultimately, he concluded that she was not disabled at any relevant time. On July 27, 2009, the ALJ filed an amended decision in which he incorporated the rationale and findings of fact from his June 17, 2009, decision in determining that her application for Supplemental Security Income should also be denied.

She asked the appeals counsel to review the ALJ's decision, but the Appeals Council declined to do so. Plaintiff timely pursued and exhausted her administrative and judicial remedies, and this matter is ripe for review and properly before this Court under § 205(c) of the Social Security Act, 42 U.S.C. § 405(g).

**IV. DISCUSSION**

To establish disability, a plaintiff must show that she is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which is expected to result in death or to last twelve or more months. 42 U.S.C. § 423(d)(1)(A). Plaintiff also bears the initial burden of proving the existence and severity of limitations caused by her impairments and that she is precluded from performing her past relevant work. *See Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). After Plaintiff shows that she cannot return to her former work, the Commissioner may establish that Plaintiff is not disabled by showing that she can perform other substantial gainful activity in the national economy consistent with her capacities and vocational profile. *See Tyra v. Sec'y of Health and Human Servs.*, 896 F.2d 1024, 1028 (6th Cir. 1990).

In the instant matter, Commissioner found that Plaintiff could not perform her past relevant work, therefore, the burden shifted to the Commissioner to show that there were a significant number of jobs in the national economy which Plaintiff could perform despite her limitations. *See Key v. Callahan*, 109 F.3d 270, 274 (6th Cir. 1997). In order to meet this burden, the ALJ properly relied upon the testimony of a VE. *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 149 (6th Cir. 1996). As articulated below, the hypothetical question presented to the VE incorporated Plaintiff's documented

limitations, and, thus, the VE's response constitutes substantial evidence supporting the Commissioner's decision. *See Varley v. Sec. of Health and Human Servs.*, 820 F.2d 777, 778 (6th Cir. 1987).

As an initial matter, Plaintiff complains that the ALJ erred in failing to find that fibromyalgia was a severe impairment for her. The Court is not persuaded that this was reversible error at step two of the process, as Plaintiff contends, because the ALJ found that she had other severe impairments or combination of impairments and moved to the next step of the evaluation. *See* 20 C.F.R. §§ 404.1520(4)(ii), 416.920(4)(ii); *see also Maziarz v. Sec. of Health and Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987). To the extent that Plaintiff also argues that the ALJ erred because he did not consider the symptoms of fibromyalgia in evaluating her residual functional capacity, Plaintiff has not articulated what additional and more restrictive limitations might have been assessed as a result that would have prevented her from performing a restricted range of light work as the Commissioner concluded. *See* 20 C.F.R. §§404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). Since a condition is relevant only to the extent that it limits a claimant's ability to work, a diagnosis, without more, does not establish functional limitations, and the Court is not persuaded that the ALJ erred on these grounds. *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) ("The mere diagnosis [of a condition], of course, says nothing about the severity of the condition."); *see* 20

8

C.F.R. §§ 404.1528(a), 404.1529(a), 404.1545(a), 404.1569a, 416.928(a), 416.929(a), 416.945(a), 416.969a.

Plaintiff next argues that the ALJ erred because, in formulating and adopting an RFC, he did not give controlling weight to the opinion of her treating physician, Dr. Shih [AR 26] who opined on a medical source statement that she is disabled.  The Court disagrees for the reasons which follow.

The weight afforded a medical source's opinion on the issue of the nature and severity of a claimant's impairments depends upon the examining and treating relationship that the medical source had with the claimant, the evidence the medical source presents to support his opinion, how consistent the opinion is with the record as a whole, the specialty of the medical source, and other factors. *See* 20 C.F.R. § 404.1527(d) (2010).  "Generally, the opinions of treating physicians are given substantial, if not controlling, deference."  *Warner v Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (citing *King v. Heckler*, 742 F.2d 968, 973 (6th Cir.1984); 20 C.F.R. § 404.1527(d)(2)). Treating physicians' opinions are, however, given such deference only when supported by objective medical evidence. *Jones*, 336 F.3d at 477. "The determination of disability is [ultimately] the prerogative of the [Commissioner], not the treating physician." Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985).  Further, opinions on some issues, such as whether the claimant is disabled and the claimant's

9

residual functional capacity "are not medical opinions." 20 C.F.R. § 404.1527(e). Rather, they are "opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability." *Id.*; *see also Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 391 (6th Cir. 2004).

For example, statements from medical sources about what a claimant can do are important evidence, but they are not determinative, as the ALJ has the responsibility of assessing a claimant's RFC. *See* 20 C.F.R. §§ 404.1513(b), 404.1527, 404.1545, 404.1546(c). Thus, the ALJ is not bound by a treating physician's opinions as to a claimant's residual functional capacity. Rather, those opinions receive great weight "if they are supported by sufficient clinical findings and are consistent with the evidence." *Bogle v. Sullivan*, 998 F.2d 342, 347-48 (6th Cir. 1993); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529-30 (6th Cir. 1997); 20 C.F.R. § 404.1527(d).

Here, although Dr. Shih opined that Plaintiff was completely disabled by pain and numbness, as well as spasms in her legs, the ALJ was not obliged to agree with that conclusion and, in fact, concluded that Dr. Shih's opinion was inconsistent with the other evidence of record and discounted it accordingly. As the ALJ remarked, while Dr. Shih's records reflect Plaintiff's numerous diagnoses, those diagnoses are not enough to establish whether or

10

not Plaintiff had functional limitations. *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988). Rather, Dr. Shih's treatment records do not include objective medical findings or other evidence which would support the disabling limitations noted in her opinions. *See* 20 C.F.R. §§ 404.1527(d)(2)-(3), 416.927(d)(2), (3). While Dr. Shih noted Plaintiff's complaints of pain, her clinical examination findings were generally unremarkable and, in fact, included on at least one occasion the remark that Plaintiff's condition had improved and was stable. The lack of significant abnormal findings provides a valid reason for the ALJ to reject Dr. Shih's opinion.

Further, in evaluating Dr. Shih's opinion, the ALJ considered it in the universe of information which included the report of the subsequent consultative examination performed by Dr. Fritzhand. Dr. Fritzhand noted that, while Plaintiff ambulated with a waddling gait, she was comfortable in sitting and supine positions, had a normal range of motion in her cervical spine, had normal manipulative ability, well-preserved muscle and grasp strength, and no signs of muscle atrophy.

The ALJ also evaluated Shih's opinion in light of Plaintiff's self-reported daily activities – grocery shopping, household chores, and laundry – and again found it to be inconsistent with the activities that Plaintiff reported herself. *See* 20 C.F.R. §§ 404.1527(d)(4), 416.927(d)(4); *see also Blacha v. Sec. of Health and Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990) (holding that

11

ALJ may consider activities in evaluating subjective complaints).

The ALJ must give good reasons for the weight accorded a treating physician's opinion. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). Here, the ALJ has articulated good reasons for giving less weight to the opinion of Plaintiff's treating physician, Dr. Shih. There was no error.

Plaintiff had the burden of proving that her condition caused disabling limitations. *See* 42 U.S.C. §§423(d)(5)(A); 20 C.f.r. §§ 404.1512(a), (c), 404.1529(a); *Foster*, 279 F.3d at 353; *Bogle*, 998 F.2d at 347. Here, the ALJ properly considered the relevant evidence and performed his duty as the trier of fact to resolve any conflicts in that evidence. Ultimately, substantial evidence supports the ALJ's findings and his conclusion that Plaintiff was not disabled within the meaning of the Social Security Act. Although Plaintiff could not perform her past work, the VE identified other work existing in significant numbers in the national economy that Plaintiff could perform despite her limitations. In other words, the decision of the Commissioner was supported by substantial evidence, and it shall be affirmed.

**V.    CONCLUSION**

For the foregoing reasons, **IT IS ORDERED:**

(1) That the Commissioner's motion for summary judgment [Record No. 16] be, and the same hereby is, **GRANTED;** and

(2) That Plaintiff's motion for summary judgment [Record No.

13] be, and the same hereby is, **DENIED**.

This the 26th day of September, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge